Margaret CHAMBERS

v.

Cassandra ORMISTON.

No. 2006–340.

Supreme Court of Rhode Island.

Jan. 17, 2007.

Louis M. Pulner, Providence.

Nancy Palmisciano, Providence.

ORDER

The Family Court has certified a question of law to this Court pursuant to G.L. 1956 § 9–24–27 and Rule 72 of the Family Court Rules of Procedure for Domestic Relations. The certified question is contained in a document entitled "Request for Certification" that was received by the Clerk of the Supreme Court on December 14, 2006, and it reads as follows:

"Does the Rhode Island Family Court have subject matter jurisdiction under R.I. Gen. Laws § 8–10–3 (1956) to hear a divorce complaint wherein the plaintiff and defendant are of the same sex, were lawfully married in the Commonwealth of Massachusetts, are both domiciled inhabitants of the State of Rhode Island for at least one year, have met all other jurisdictional requirements and are seeking a divorce?"

The Family Court's "Request for Certification" was considered by this Court during a conference on January 4, 2007 and was further considered during a conference on January 10, 2007. After due reflection and discussion, we have decided that it would be premature for us to respond to the certified question at this time and that additional proceedings should take place in the Family Court prior to our determination of whether this Court should hereafter respond to the certified question.

In our judgment, this Court's ability to decide how best to deal with this particular certified question is dependent upon the compilation of a fuller factual record. *See generally Inman v. Rhode Island Ethics Commission,* 776 A.2d 1061 (R.I.2001). Accordingly, while retaining jurisdiction, we are remanding this matter to the Family Court for fact-finding and for the compilation of an appropriate factual record.

We direct that the following questions of fact be addressed:

- Was a Massachusetts marriage license [sometimes referred to in that state as a Certificate of Marriage] issued to the parties?
- Where was each of the parties domiciled at the time that they applied for a Massachusetts marriage license?
- Did each of the parties reside in Rhode Island at the time of the application for a Massachusetts marriage license? If so, for how long had each resided in Rhode Island?
- What residence address did each of the parties give upon applying for the Massachusetts marriage license?
- If a Massachusetts marriage license was in fact issued to the parties, did a solemnization thereafter occur? If so, where, when, and by whom was the marriage solemnized?
- Did each of the parties reside in Rhode Island at the time of the solemnization, if such solemnization occurred?
- Was the fully completed marriage license, including the certification of solemnization, if such solemnization occurred, thereafter returned to the appropriate governmental office? If so, to which office was it returned?

- Have either or both of the parties ceased to reside in Rhode Island at any time after the solemnization, if such solemnization occurred?
- Have the domicile and residence requirements set forth in G.L. 1956 § 15–5–12 been satisfied?

We also direct that the actual Massachusetts marriage license and the certification of solemnization (if such solemnization occurred) or a properly authenticated copy of same be provided to us along with the factual findings.

We also direct the certifying justice of the Family Court, based on his findings of fact, to determine in the first instance (1) whether or not the instant case presents an actual case or controversy (and, if not, how this case should proceed); (2) whether or not the Full Faith and Credit clause of the United States Constitution is relevant to the instant case; and (3) whether or not the Defense of Marriage Act, 28 U.S.C. § 1738C (2000), is pertinent to the instant case.

In addition, we are concerned by the wording of the Request for Certification that we received on December 14, 2006. We direct the certifying justice of the Family Court to reword said Request to make it clear that what is being sought is a ruling from us as to whether or not the Family Court may properly recognize, for the purpose of entertaining a divorce petition, the marriage of two persons of the same sex who were purportedly married in another state.

Accordingly, we decline to respond to the certified question at this time. While retaining jurisdiction, we remand this case to the Family Court for further proceedings consistent with this order.

/s/ Williams, C.J.

/s/ Goldberg, J.

/s/ Flaherty, J.

/s/ Suttell, J.

/s/ Robinson, J.